NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., | Civil Action No.: 16-452 (JLL) |
| Plaintiff, | OPINION |
| v. | |
| B.K.Y.K.-II, INC. *et al.*, | |
| Defendants. | |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendants B.K.Y.K.-II, Inc., Bhupendra Bhakta, and Yasmin Sitaran's motion to vacate this Court's June 6, 2016 order entering judgement against Defendants and in favor of Plaintiff Days Inn Worldwide, Inc. (ECF No. 15). Plaintiff opposes this motion. (ECF No. 16). The Court has reviewed the papers filed in support of and in opposition to the pending motion, and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Court grants Defendants' motion to vacate this Court's Order entering default judgment in Plaintiff's favor.

I.  **Background**

On January 27, 2016, Plaintiff Days Inn Worldwide, Inc. ("Days Inn" or "Plaintiff") filed a Complaint against Defendants pertaining to an alleged breach of a licensing agreement. (ECF No. 1). On February 18, 2016, Plaintiff served Defendants with the Summons and Complaint by personal service through the mail. (ECF No. 7). Defendants failed to timely plead or otherwise respond to the Complaint, and on April 22, 2016, Plaintiff filed a motion for the entry of default against all Defendants. (ECF No. 9). The Clerk of Court granted that motion.

1

Armed with the Clerk's entry of default, Plaintiff filed a motion for the entry of default judgment before the Undersigned on May 10, 2016. (ECF No. 12). Specifically, Plaintiff sought a judgment against Defendants in the amount of $374,352.50. (*Id.*). After reviewing the papers filed in support of Plaintiff's motion, on June 6, 2016, the Court granted judgment in favor of Plaintiff and against Defendants in the amount of $374,352.50. (ECF No. 13).

On September 20, 2016, Defendants moved to vacate the June 6th Order. (ECF No. 15). Plaintiffs have opposed this motion (ECF No. 16), and this matter is now ripe for the Court's adjudication.

**II.   Discussion**

A federal court "may set aside a final default judgment under [Federal Rule of Civil Procedure] 60(b)." Fed. R. Civ. P. 55(c); *see also Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008). Rule 60(b), in turn, sets forth six grounds for relief that would justify an order vacating relief from an order of final judgment, such as an order entering default judgment. Fed R. Civ. P. 60(b). The six grounds for relief from a final judgment are as follows: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief." *Id.*

Here, Defendants have not identified the specific grounds under which they seek relief from the Entry of Default Judgment. However, the Court construes the motion as one brought under Rule 60(b)(1) on account of "mistake, inadvertence, surprise, or excusable neglect," as Defense counsel has certified that "Defendant's [sic] failure to file a responsive pleading was inadvertent and was not done in bad faith." (ECF No. 15-1, Certification of James P. Nolan, Jr., Esq. ("Nolan Cert.") ¶ 9).

2

When a party seeks relief from judgment pursuant to Rule 60(b)(1), a court must consider: "(1) whether vacating the judgment would prejudice the prevailing party; (2) whether the movant offered a meritorious claim on the merits; and (3) whether judgment resulted from the movant's culpable conduct." *Logan v. Am. Contract Bridge League,* 173 F. App'x 113, 116 (3d Cir. 2006) (citing *Lorenzo v. Griffith,* 12 F.3d 23, 27 (3d Cir.1993)); *see also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). However, the Third Circuit favors deciding matters on the merits and, to that end, courts are to apply a "more relaxed standard . . . in considering Rule 60(b) motions following default judgments." *Page v. Schweiker*, 786 F.2d 150, 158 (3d Cir. 1986).

"The threshold question is whether the defendant had a meritorious defense." *In re Subramanian*, 245 Fed. App'x. 111, 115 (3d Cir. 2007) (citing *Resolution Trust Corp. v. Forest Grove*, 33 F.3d 284, 288 (3d Cir. 1994)). When a defendant seeking to vacate the entry of default judgment sets forth a defense, the Court must "evaluate that defense to determine whether it is meritorious." *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988). To determine whether Defendants' allegations amount to a meritorious defense, the Court must consider the Complaint's allegations. *See $55,518.05 in U.S. Currency*, 728 F.2d at 195.

Plaintiff's allegations arise out of a licensing agreement that it entered into with Defendant B.K.Y.K. "for the operation of a thirty-six room Days Inn® guest lodging facility located in . . . Pasadena, California" (the "Agreement"). (ECF No. 1, Compl., ¶ 9). Pursuant to the Agreement, B.K.Y.K. was required to, *inter alia*, make certain periodic payments to Plaintiff for royalties and fees. (*Id.* ¶ 12). The Agreement contained certain provisions that entitled Plaintiff to terminate same for a number of reasons, including B.K.Y.K.'s failure to remedy any default with respect to those periodic payments. (*Id.* ¶ 15). In the event that Plaintiff exercised its right to terminate the

3

Agreement, B.K.Y.K. agreed to pay liquidated damages pursuant to Section 11.2 of the Agreement.

Plaintiff alleges that it informed Defendants, by letters dated April 24, 2013 and July 24, 2013, that they were in default of their payment obligations. (*Id.* ¶¶ 22, 23). When Defendants failed to cure the default, Plaintiff advised Defendants by letter dated September 17, 2013, that Plaintiff was exercising its right to terminate the Agreement and recover liquidated damages and premature termination fees under that Agreement's provisions. (*Id.* ¶ 24).

Against this backdrop, Plaintiff alleges that Defendants breached the Agreement by failing to remit periodic payment prescribed in the Agreement and were accordingly unjustly enriched. (*Id.* ¶¶ 43, 47). Plaintiffs therefore seek to collect liquidated damages for the premature termination of the Agreement as well as outstanding payments.

Defendant Bhakta has certified that he has a meritorious defense to this action. (ECF No. 15-1, Exh. A, ("Bhakta Cert.") ¶ 20). According to Mr. Bhakta, the basis of this defense is that the audit that was used to determine Defendants' income (and in, turn, the fees owed to Plaintiff) was flawed because "the auditor did not use actual reservations and bank statements to verify the actual income from the occupancy" but "[i]nstead . . . used a general value of other Days Inn in the Los Angeles area not with the same demographics" as Defendants' location. (*Id.*). Mr. Bhakta states that he disputed this discrepancy. *Id.* ¶¶ 19, 21.[1] Mr. Bhakta states that Plaintiff terminated the franchise agreement out of retaliation for his disputing the discrepancy of the amount owed. (*Id.* ¶ 21).

Plaintiff argues that the above explanation is not a defense to Plaintiff's breach of contract claims, because they "are not related to whether he breached the License Agreement by failing to

---

[1] Mr. Bhakta simultaneously and inconsistently states the disputed amounted is between $25,000.00 to $40,000.00, *id.* ¶ 19, and over $50,000.00, *id.* ¶ 21.

4

make payments for money owed to [Plaintiff] or not, but how much money he failed to pay to [Plaintiff]." (Pl.'s Br. at 8). Moreover, Plaintiff maintains that Defendants' alleged defense is belied by their actions leading up to the pending motion; specifically, by their failure to respond Plaintiff's two pre-Complaint letters and by their failure to raise these defenses during earlier settlement negotiations. (*Id.* at 8-9).

The Court agrees with Plaintiff that Defendants do not appear to have not offered a complete meritorious defense to Plaintiff's allegations. However, Defendants do dispute the amount of damages that Plaintiffs seek, and which this Court awarded by entering judgment in Plaintiff's favor. That judgment, in the amount of $374,352.50, is not insignificant, and the Third Circuit has long held that "[m]atters involving large sums should not be determined by default judgments if it can reasonably be avoided." *Tozer v. Charles A. Krause Mill, Co.*, 189 F.2d 242, 245 (3d Cir. 1951). Accordingly, the Court finds that this factor weighs in Defendants' favor.

With respect to the prejudice prong of the 60(b)(1) analysis, Plaintiff argues that it will be prejudiced if the judgment entered in its favor is vacated because it has expended significant costs in securing the judgment in its favor and will incur additional costs from having to litigate this matter anew. (Pl.'s Br. at 7). However, "the costs associated with continued litigation normally cannot constitute prejudice." *Sourcecorp, Inc. v. Croney*, 412 F. App'x 455, 459–60 (3d Cir. 2011). Therefore, Plaintiff has not identified any special harm that it will suffer if the Court vacates its entry of default judgment. *See Tozer*, 189 F.2d at 246. Accordingly, the Court finds that this factor militates in Defendants' favor.

Lastly, the Court considers whether the entry of judgment in Plaintiff's favor was a result of Defendants' culpable conduct. A defendant is culpable when he acts "willfully or in bad faith." *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 657 (3d Cir. 1982). Plaintiff argues that

5

Defendants are culpable for the entry of default judgment. (Pl'.s Br. at 9-11). Specifically, Plaintiff argues that Defendants took the following actions that resulted in the entry of default judgment: (1) initially hiring an attorney for settlement purposes only, who could not represent them in litigation; (2) allegedly not returning that attorney's phone calls; (3) thereafter hiring an attorney not admitted to practice in New Jersey, and; (4) upon finally hiring an attorney admitted to practice before this Court, failing to reach out to Plaintiff's counsel prior to this Court's entry of judgment. (*Id.*).

Giving Defendants the benefit of the doubt, and based upon the Court's review of Mr. Bhakta's certification, it appears that Defendants were proactive in their attempt to find counsel to represent them in this District. (*See* Bhakta Cert. ¶¶ 5-17). Additionally, while Defendants' attorney has certified that he was retained to represent Defendants on or about June 2, 2016, (Nolan Cert. ¶ 8), counsel did file any papers on the docket prior to this Court's June 6, 2016 Order of judgment. Thus, Defendants' attorney—and not Defendants alone—is partially to blame for Defendants' unresponsiveness in this matter.

In short, although Defendants are certainly not faultless in the events leading up to the Court's entry of default judgment, the Court finds that their conduct cannot be said to be more than negligent. Because "the standard is 'culpable[,]' mere negligence should not weigh against the [Defendants]." *Sourcecorp,* 412 Fed. App'x at *4; *see also Hirtz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984) ("Appropriate application of the culpable conduct standard requires that as a threshold matter more than mere negligence by demonstrated."). Accordingly, the Court finds this factor weighs in Defendants' favor.

In summary, having reviewed each of the Rule 60(b)(1) factors, and construing these factors in light of the preference within this Circuit to resolve matters on their merits, the Court finds that

6

good cause exists to vacate this Court's entry of default judgment. Defendants' motion is therefore granted.

### III. Conclusion

For the reasons stated herein, the Court grants Defendants' motion to vacate this Court's June 6, 2016 order of default judgment. (ECF No. 15). An appropriate Order follows this Opinion.

IT IS SO ORDERED.

DATED:   October 17, 2016

                                            JOSE L. LINARES
                                            UNITED STATES DISTRICT JUDGE